IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS L. ARELLANES,

    Plaintiff,

v.                                                                                                                                     No. 1:24-cv-00823-JCH-SCY

REGENTS OF THE UNIVERSITY OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff filed the Complaint in this case and a CM/ECF Pro Se Notification Form on August 19, 2024. *See* Complaint for Employment Discrimination, Doc. 1; Doc. 3. One month later, after Plaintiff did not file any additional documents in this case, United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that:

> Plaintiff has an obligation to prosecute his case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). The Court also reminds Plaintiff of his obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"). Failure to timely serve Defendants may result in dismissal of Plaintiff's claims. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time").)

Notice Regarding Prosecution of Case and Service of Process, Doc. 5, filed September 20, 2024.

On November 19, 2024, over 90 days after Plaintiff filed his Complaint, Judge Yarbrough, after stating that Plaintiff has not filed any other documents in this case and the docket does not

reflect that Plaintiff has served Defendants, notified Plaintiff that "absent an extension of time to serve Defendants, Rule 4(m) requires the Court to dismiss the case without prejudice." Order to Show Cause at 1, Doc. 6 (also quoting D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.")). Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for failure to prosecute and failure to timely serve Defendants. *See* Order to Show Cause at 2 (notifying Plaintiff that failure to timely show cause may result in dismissal of this case). Plaintiff did not show cause by the December 10, 2024.

The Court dismisses this case for failure to prosecute and failure to timely serve Defendants because: (i) Plaintiff did not take any steps to move this case forward and did not serve Defendants within 90 days after filing his Complaint; and (ii) Plaintiff did not show cause why the Court should not dismiss this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE